**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY D. YEARGIN, ) | CV F 05-1067 LJO WMW HC |
| ) | |
| Petitioner, ) | ORDER RE RESPONDENT'S |
| ) | MOTION TO DISMISS |
| v. ) | |
| ) | [Doc. 10] |
| A. P. KANE, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |
| _____ ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  Pending before the court is Respondent's motion to dismiss the petition on the grounds that it is a second or successive petition and was filed beyond the statute of limitations.

**FACTUAL BACKGROUND**

Petitioner was convicted on August 18, 1986, of first degree murder and attempted murder.  A number of sentencing enhancements were found to be true.  He was sentenced to

1  state prison for forty-five years to life.  On March 23, 1988, the California Court of Appeal
2  affirmed the judgment.  The California Supreme Court denied review on June 29, 1988.
3  Petitioner filed numerous petitions for post-conviction relief with the California courts, none
4  of which is pertinent to the court's analysis of the pending motion.

5  Petitioner filed two prior federal habeas corpus petitions challenging the same
6  judgment which he seeks to challenge in the present petition.  Petitioner filed the first federal
7  action, CIV-S-91-297 WBS JRM, on March 11, 1991.  It was dismissed at the request of
8  Petitioner on June 7, 1991.  Petitioner filed the second federal action, CIV-F-99-5517 OWW
9  DLB P, on April 16, 1999.  It was dismissed on February 22, 2000, for being in violation of
10 the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and (2).

11 Petitioner filed the present petition for writ of habeas corpus on August 22, 2005.

## DISCUSSION

13 Respondent moves to dismiss this petition on the ground that it is a second or
14 successive petition and Petitioner has not provided an order from the Court of Appeals for the
15 Ninth Circuit authorizing such a petition.  Respondent also moves to dismiss on the ground
16 that the petition was filed beyond the applicable statute of limitations set forth in 28 U.S.C. §
17 2244(d)(1) and (2).  Because the court finds it must dismiss this petition on the first ground
18 raised by Respondent, it finds it unnecessary to reach the second ground.

19 Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or
20 successive petition must obtain from the appropriate court of appeals an order authorizing the
21 district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  Section 2244(b)(2)
22 provides that a claim presented in a second or successive habeas corpus application under
23 section 2254 that was not presented in a prior application shall be dismissed unless--
24 A court of appeals may grant such an order only upon a showing that:
25     (A) the applicant shows that the claim relies on a new rule of constitutional
    law made retroactive to cases on collateral review by the Supreme Court, that
26     was previously unavailable; or

(B)(I)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)   the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

The court finds that because the present petition challenges the same conviction which Petitioner previously challenged in CIV-F-99-5517 OWW DLB P, it is a second or successive petition presenting a claim that was not presented in a prior petition and Petitioner cannot proceed without an order from the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(2)(A)-(B).  Petitioner does deny the application of this standard to his petition, but rather states that he "will seek to obtain" the required order from the Ninth Circuit.  Petitioner then presents an extended argument in support of equitable tolling in regard to Respondent's statute of limitations contention.   Such an argument is immaterial without the requisite order allowing the filing of this second or successive petition.

Accordingly, IT IS HEREBY ORDERED as follows:

1)   Respondent's motion to dismiss is GRANTED;

2)   The petition for writ of habeas corpus is DISMISSED without prejudice to refiling should Petitioner obtain the requisite order from the Ninth Circuit; and

3)   The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   July 31, 2007**                              /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE

3